IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              Case No. 4:14-cr-00136 KGB

ANTUAN ROCHELLE GAINES                                                      DEFENDANT

**ORDER**

On February 29, 2016, this Court granted the United States of America's motion for permission to contact jurors (Dkt. No. 43). The motion represented to the Court that defendant Antuan Gaines did not oppose the request. Since that time, the Court has had multiple jurors respond and indicate their willingness to be contacted by counsel. The Court has requested, through informal communications with counsel, that counsel not proceed with contacting those jurors due to informal communications the Court has received since the jury trial was conducted and the jury rendered its verdict. The Court will outline those informal communications in this Order.

On February 17, 2016, the jury returned a guilty verdict against Mr. Gaines on the charge of felon in possession of a firearm. On February 18, 2016, the Court received a phone call from a woman purporting to be Mr. Gaines's mother. The caller stated that she wanted the Court to know that one of the jurors, whom she identified by name, knew her son from prison. The Court instructed her to contact Christophe Tarver, counsel for Mr. Gaines, about this matter.

The Court sent an email to all counsel on February 18, 2016, informing all counsel of the phone call and the conversation that transpired between the Court and the woman purporting to be Mr. Gaines's mother. The Court disclosed to counsel the name of the juror provided by the woman. In the February 18, 2016, email to all counsel, the Court also informed counsel that the

Court was researching what duty concerning the juror allegation, if any, the Court had at that time. The Court also reminded counsel of the Local Rule governing juror contact and noted that counsel could not reach out to jurors without abiding by this Local Rule. Further, the Court informed counsel that, based on the Court's preliminary research, the Court had identified *United States v. Tucker*, 137 F.3d 1016 (8th Cir. 1998), as at least one controlling case addressing issues that might arise in such a situation.

On February 18, 2016, that same day, a motion for permission to contact jurors was filed by the United States (Dkt. No. 39). The Court granted that motion, as there was no objection from Mr. Gaines. On March 2, 2016, and March 3, 2016, the Court exchanged a series of emails with all counsel in which counsel for the United States proposed questions to submit to the jurors who indicated they wished to be contacted. Based on a series of communications with all counsel, the Court understands that the United States intends to ask the following questions of those jurors who consent to contact:

1. How did you find your experience as a juror?
2. Was there anything about the attorneys' performance that you found was particularly effective, ineffective, or distracting?
3. Was the testimony of the expert witnesses helpful to your determination of the issues in this case?
4. Is there anything the attorneys could have done to better present the evidence or argue the case?
5. Were there any witnesses whose credibility you questioned or doubted and why?
6. Is there anything we have not asked you that you would like to share with us about your jury experience or the case?

      7. Do you have any questions for us?

On March 7, 2016, the Court sent another email to all counsel asking whether either party requested that the Court inquire into the issue of the juror allegation. The Court noted in that email that it was continuing to study whether, regardless of the parties' intent, the Court had a duty to inquire. The Court received an email response from counsel for the United States stating that the United States objected to further inquiry by the Court at that time, citing the fact that there had been no formal allegation of juror misconduct from the defendant and that the defendant had filed no motion for a new trial pursuant to Federal Rule of Criminal Procedure 33.

Counsel for the United States noted in the response email that, during *voir dire*, the potential jurors were asked if they knew Mr. Gaines, and the juror at issue did not respond to that question. The email went on to add that there was no allegation before the Court that the juror's response was dishonest or even mistaken. Counsel for the United States informed the Court that their notes reflected that the juror in question had responded to the Court's question about law enforcement experience, disclosing that he had worked for the Arkansas Department of Corrections for 27.5 years. In addition, counsel for the United States added that Mr. Gaines was present for jury selection and never mentioned recognizing or knowing the juror at issue.

Counsel for the United States also argued that, even if the juror at issue recognized Mr. Gaines, there had been no allegation that he was in any way biased or would have been challenged for cause during *voir dire*. In support of this statement, the United States cited several cases, including *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984) (holding that to obtain a new trial based on the allegation that a juror lied or misled the Court during *voir dire*, a defendant must show that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid

basis for a challenge for cause); *United States v. Camacho*, 555 F.3d 695, 704 (8th Cir. 2009) ("Speculation and unsubstantiated allegations do not present a colorable claim of outside influence of a juror, and absent such a claim no hearing is required."); and *United States v. Whiting*, 538 F.2d 220, 223 (8th Cir. 1976) ("Where an attack is made upon the integrity of the trial by reason of alleged misconduct on the part of a juror in failing to disclose information pertinent to the issue of prejudice, the defendant's burden of proof must be sustained not as a matter of speculation, but as a demonstrable reality.").

On March 8, 2016, counsel for Mr. Gaines responded to the Court's email by stating that he thought that the issue regarding the juror needed to be explored.  Counsel for Mr. Gaines added that, when Mr. Gaines was introduced to the jury, the Court inquired as to whether any of the jurors knew him, and the juror at issue did not respond to that question.  Counsel for Mr. Gains further stated by email that, "given the restraints on contacting a juror, there really is no way to determine what role, if any [that juror's] lack of candor may have played in the jury's deliberations in this trial."

On March 9, 2016, the Court sent another email to all counsel stating that the Court had received and reviewed the emails from both counsel for the United States and counsel for Mr. Gaines.  The Court posed by email two questions to counsel for Mr. Gaines:  (1) the Court asked if counsel for Mr. Gaines intended to file on behalf of his client a motion for new trial pursuant to Federal Rule of Criminal Procedure 33 raising this or any other issue, and (2) the Court asked if counsel for Mr. Gaines had a witness or witnesses who were alleging this prior contact between Mr. Gaines and the juror who would come in to Court and be questioned under oath by the Court and counsel.  Counsel for Mr. Gaines responded by email on March 9, 2016, stating

that he would file a motion and that he believed he had one witness, and possibly two witnesses, who would testify to the alleged prior contact.

Almost a month passed without any motion being filed or any other filing being made, and the Court again reached out to all counsel via email on April 8, 2016, stating that it was inquiring about the status of this matter, specifically regarding whether counsel for Mr. Gaines still intended to file a motion for new trial pursuant to Federal Rule of Criminal Procedure 33. In that email, the Court informed counsel that it had received information from several jurors indicating that they were amenable to being contacted regarding the trial. The Court noted, however, that the juror at issue was not one of those jurors who agreed to be contacted. The Court then asked if there was any objection to proceeding with making counsel aware of the identity of the jurors amenable to contact and permitting counsel to proceed with those contacts on the terms previously set forth. That same day, the Court received an email from the United States stating that it did not object. The Court received no response from counsel for Mr. Gaines.

Counsel for the United States has informally reached out to the Court again inquiring about further instruction concerning contacting the jurors who are amenable to contact.

Federal Rule of Criminal Procedure 33 states:

(a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

(b) Time to File.

(1) *Newly Discovered Evidence.* Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict

or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

(2) *Other Grounds.* Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

This situation does not appear to involve newly discovered evidence. The time for Mr. Gaines to file a motion for new trial pursuant to Federal Rule of Criminal Procedure 33(b)(2) has passed. The Court has received no motion to extend this deadline.

Counsel have 10 days from the entry of this Order to file with the Court a motion or other filing informing the Court of any other developments or arguments they wish to make regarding these or any other issues. After 10 days from the entry of this Order, barring any further motions or filings by the parties, the Court will consider ripe the issue of whether counsel for the parties may contact on the terms previously set forth the jurors who wish to make themselves available. If there are no further motions or filings by the parties within 10 days from the entry of this Order, based on the record currently before it, the Court does not at this time intend to inquire further about this juror who identified himself as having worked for the Arkansas Department of Corrections for 27.5 years.

So ordered this 26th day of April, 2016.

_____
Kristine G. Baker
United States District Judge